# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CR-00292-FDW-DSC

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| COLLINS ARCELL SULLIVAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence, (Doc. No. 23), under 18 U.S.C. § 3582. For the reasons set forth below, Defendant's Motion is DENIED IN PART as to Amendment 821 to the United States Sentencing Guidelines. To the extent Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1), the Court ORDERS the United States to respond to that Motion no later than October 8, 2024.

Defendant is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because application of the Amendment does not change his guideline range. Under Part A of Amendment 821, Defendant now scores only one "Status Point" instead of two, for a total of eleven (11) points instead of twelve (12). He remains a criminal history category V. And Amendment 821 does not affect his total offense level, therefore it does not change his Guidelines Range and he is ineligible for a sentence reduction. Further, under Section 1B1.10(b) of the Sentencing Guidelines, in determining whether a Defendant is eligible for a sentence reduction under Amendment 821 the Court "shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S. Sent'g Guidelines Manual § 1B1.10(b). To do otherwise would be to effectively conduct a full

1

resentencing of the Defendant. It is the Court's view, therefore, that Amendment 821 does not allow the Court to recalculate Defendant's entire criminal history based on developments in Case No. 3:21-cr-167, which Defendant cites in support of his Motion. (Doc. No. 23, p. 3.)

However, Defendant's motion also raises the question of whether extraordinary and compelling reasons support a sentence reduction in this case, quoting 18 U.S.C. § 3582(c)(1). The Court ORDERS the United States to file a response to Defendant's argument that extraordinary and compelling reasons support a sentence reduction in this case no later than October 8, 2024.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence, (Doc. No. 23), is DENIED IN PART.

**IT IS FURTHER ORDERED** that, to the extent Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1), the Court ORDERS the United States to file a response no later than October 8, 2024.

**IT IS SO ORDERED.**

Signed: September 24, 2024

Frank D. Whitney
United States District Judge