UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-00292-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COLLINS ARCELL SULLIVAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence, (Doc. No. 23), and the United States's Motion to Dismiss, (Doc. No. 27). For the reasons set forth below, Defendant's Motion is DENIED and the United States's Motion is GRANTED.

On September 25, 2024, the Court entered an Order denying Defendant's Motion in part because he is not entitled to a sentence reduction under retroactive Amendment 821 of the United States Sentencing Guidelines. (Doc. No. 25.) In that Order, the Court also directed the United States to respond to the portion of Defendant's Motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1).

Defendant's motion seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This exhaustion requirement is not jurisdictional and may be waived or forfeited if the United States fails to raise it. United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021). Where a defendant has administratively exhausted a claim for release or the United

1

States fails to raise the issue, the district court conducts a two-step inquiry to decide whether a sentence reduction is appropriate under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

Here, the United States has raised the issue, (Doc. No. 27, p. 7), and Defendant has failed to exhaust his administrative requirements under § 3582(c)(1)(A).[1] While the exhaustion requirement is not jurisdictional, it is a mandatory claims-processing rule and United States did not waive it here; therefore, the rule must be enforced, and the Court cannot reach the merits of Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence, (Doc. No. 23), is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the United States's Motion to Dismiss, (Doc. No. 27), is GRANTED.

**IT IS SO ORDERED.**

Signed: December 20, 2024

Frank D. Whitney
Senior United States District Judge

---

[1] The Court notes Defendant was not in the custody of the Bureau of Prisons when he filed this Motion because he had been transported to this District for proceedings in Case No. 3:20-cr-00167, which took place just three days before his Motion was filed.